ADAM L. BRAVERMAN (SBN 244202)
ABraverman@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, CA 92130
Telephone: 858.720.5151
Facsimile: 858.910.1350

Attorney for Defendants
EATON CORPORATION PLC and
EATON AEROSPACE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA *ex rel.* STEPHEN DAVIS,

Plaintiff,

v.

EATON CORPORATION PLC, an Ohio Corporation; EATON AEROSPACE LLC, a California limited liability company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:20-CV-09162-CBM-AFM

**DEFENDANTS EATON CORPORATION PLC AND EATON AEROSPACE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AND FOR ENTRY OF JUDGMENT**

Date: March 12, 2024
Time: 10:00 a.m.
Courtroom: 8D
Judge: Consuelo B. Marshall

Action Filed: 10/05/2020

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 12, 2024, at 10:00 a.m., or as soon thereafter as the matter can be heard, before the Honorable Consuelo B. Marshall in Courtroom 8D of the United States District Court, Central District, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants Eaton Corporation PLC and Eaton Aerospace LLC, by and through their counsel of record, will and hereby do move for an order of dismissal for failure to prosecute pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 1, 2024.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and other motions on file in this matter, and any arguments of counsel that may be presented at the hearing on this matter.

Dated: February 12, 2024

MORRISON & FOERSTER LLP

By: */s/ Adam L. Braverman*
Adam L. Braverman

*Attorney for Defendants*
Eaton Corporation PLC and
Eaton Aerospace LLC

Defendants Eaton Corporation PLC and Eaton Aerospace LLC ("Defendants") move to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with an order of the Court.

The plaintiff-relator originally filed his sealed complaint on October 5, 2020. The Complaint was subsequently unsealed on July 20, 2023, and this Court ordered that the relator "shall serve" the Complaint, the Court's Order, and the Notice of Election by the United States to Decline Intervention and Stipulation Re Unsealing of Case upon Defendants. (Dkt. 24.) The Federal Rules of Civil Procedure require service to be made upon defendants within 90 days. Fed. R. Civ. P. 4(m). After more than 180 days had passed, Defendants moved to dismiss and for entry of judgment. (Dkt. 27.) This Court denied Defendants' motion under L.R. 6-1without prejudice to refiling. (Dkt. 28). The plaintiff-relator's counsel then contacted Defendants and asked them to accept service. Defendants agreed to do so but informed counsel that they would still be filing the instant renewed motion.

When a plaintiff so fails to prosecute his claims or to comply with the Rules or a Court order, the action and all claims may be involuntarily dismissed. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (dismissal for lack of prosecution necessary to prevent undue delay in disposition and avoid congestion in court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with court order). In considering whether to dismiss an action, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and quotation marks omitted); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to

comply with court orders). In addition, the Ninth Circuit "has consistently held that that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651–52 (9th Cir. 1991).

The first three factors — expeditious resolution of litigation, docket management, and prejudice to defendants — all weigh in favor of dismissal when, as here, a plaintiff fails to litigate diligently, hindering the Court's ability to move the case toward disposition and unreasonably delaying prosecution. *See Anderson*, 542 F.2d at 525 (plaintiff did not diligently pursue action and "offered no reasonable explanation" for lack of service); *Eisen*, 31 F.3d at 1452–53 (presumption of prejudice to defendants when a plaintiff unreasonably delays prosecuting an action). Although the fourth factor — public policy favoring disposition on the merits — generally weighs against dismissal, when a plaintiff fails to move a case toward disposition at a reasonable pace, that public policy does not outweigh the plaintiff's failure to prosecute or comply with court orders. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (en banc) ("Thus, we have also recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."). Similarly, due to the plaintiff-relator's failure to take any action to prosecute his claims against Defendants for more than six months since the Court's Order unsealing the Complaint, there are no less drastic sanctions available, and the fifth factor also weighs in favor of dismissal. *See id*. at 1228–29.

Because the plaintiff-relator has failed to prosecute his claims and violated a clear order of this Court, this action and all claims against Defendants should be dismissed with prejudice. More than six months was ample time for the plaintiff-relator to have served or moved to extend the service date or otherwise to have

prosecuted the case. Accordingly, the action and all claims against the defendants should be DISMISSED WITH PREJUDICE and final judgment entered.

Dated: February 12, 2024

MORRISON & FOERSTER LLP

By: */s/ Adam L. Braverman*
Adam L. Braverman

*Attorney for Defendants*
Eaton Corporation PLC and
Eaton Aerospace LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2024, the within document was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the attorneys of record in the case.

*/s/ Adam L. Braverman*
Adam L. Braverman