1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA *ex rel.* STEPHEN DAVIS , | Case No.: 2:20-cv-09162-CBM (AJRx) |
| 12 | |
| 13  Plaintiff,  v. | **ORDER RE: DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE  [33]** |
| 14  EATON CORPORATION PLC, *et al.*, | |
| 15  Defendants. | |
| 16 | |

17      The matter before the Court is Defendants Eaton Corporation PLC and

18 Eaton Aerospace LLC's (collectively, "Defendants'") Motion to Dismiss for

19 Failure to Prosecute and Entry of Judgment Pursuant to Federal Rules of Civil

20 Procedure 41(b) and 4(m).  (Dkt. No. 33 (the "Motion").)  The Motion is fully

21 briefed.  (Dkt. Nos. 37, 38.)

22                          **I.      BACKGROUND**

23      On October 5, 2020, Plaintiff filed a complaint pursuant to 31 U.S.C. §

24 3730(b)(2) against Defendants, asserting a single cause of action under the False

25 Claims Act ("FCA"), 31 U.S.C. § 3729, arising from allegedly false statements

26 Defendants made to the federal government concerning its employment practices.

27 (Compl. ¶¶ 1–2.)  On July 20, 2023, the United States of America filed a notice of

28 election declining to intervene in this action.  (Dkt. No. 23.)  On July 20, 2023, the

Court ordered the Complaint unsealed, and ordered Plaintiff to serve Defendants with the Complaint, the Order unsealing the Complaint, and "the Notice of Election by the United States to Decline Intervention and Stipulation Re unsealing of Case." (Dkt. No. 24 ("the July 20, 2023 Order").)

On January 31, 2024, Defendants filed their first appearance in this action. (Dkt. No. 25.) On January 31, 2024, Defendants filed their first motion to dismiss for failure to prosecute. (Dkt. No. 27.) On February 1, 2024, the Court denied Defendants' first motion to dismiss for failure to prosecute without prejudice for failure to comply with Local Rule 6-1's notice requirements. (Dkt. No. 28.) On February 1, 2024, Plaintiff filed requests for the Clerk to issue the Summons on the Complaint. (Dkt. Nos. 29, 30.) On February 9, 2024, the Clerk issued the Summons as to Defendant Eaton Aerospace LLC. (Dkt. Nos. 31, 32.) On February 12, 2024, Defendants filed the instant Motion. (Dkt. No. 33.)[1] On February 13, 2024, the Clerk issued the Summons as to Defendant Eaton Corporation PLC. (Dkt. No. 34.) On February 13, 2024, the parties filed a stipulation to stay the case until resolution of Defendants' instant Motion, which was approved by the Court. (Dkt. Nos. 35, 36.) In the parties' stipulation, the parties stipulated that after the Court denied Defendants' first motion for failure to prosecute without prejudice, "Plaintiff-relator's counsel subsequently contacted Defendants and requested they accept service of the Complaint, to which Defendants agreed." (Dkt. No. 35.)

## II.    STATEMENT OF THE LAW

### A.    Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) states in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Court

---

[1] The Motion was properly noticed pursuant to Local Rule 6-1.

1    considers the following factors in determining whether to dismiss a claim for

2    failure to prosecute or comply with court orders pursuant to Federal Rule of Civil

3    Procedure 41(b):  "(1) the public's interest in expeditious resolution of litigation;

4    (2) the court's need to manage its docket; (3) the risk of prejudice to

5    defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

6    public policy favoring disposition of cases on their merits."  *Pagtalunan v.*

7    *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).  Dismissal is

8    warranted under Rule 41(b) "where at least four [of the five] factors support

9    dismissal, . . . or where at least three factors 'strongly' support dismissal."

10   *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citation

11   omitted).  Dismissal under Rule 41(b) "is a harsh penalty and should be imposed

12   only in extreme circumstances." *Johnson v. United States Dept. of Treasury,* 939

13   F.2d 820, 825 (9th Cir. 1991).

14   **B.      Federal Rule of Civil Procedure 4(m)**

15           Federal Rule of Civil Procedure 4(m) states in relevant part:  "If a defendant

16   is not served within 90 days after the complaint is filed, the court—on motion or

17   on its own after notice to the plaintiff—must dismiss the action without prejudice

18   against that defendant or order that service be made within a specified time. But if

19   the plaintiff shows good cause for the failure, the court must extend the time for

20   service for an appropriate period."  With respect to actions brought under the False

21   Claims Act, Rule 4(m)'s 90-day time limit for serving the complaint begins to run

22   from the date the court orders the complaint to be served on the defendant. *See*

23   *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 162 (2d Cir. 2023);

24   *United States v. Oakland Physicians Med. Cntr., LLC*, 44 F.4th 565, 567 (6th Cir.

25   2022).[2]  "When considering a motion to dismiss a complaint for untimely service,

26   ────────────────────

27   [2] 31 U.S.C. § 3730(b)(2) provides that for civil actions under the False Claims
     Act, "[t]he complaint shall be filed in camera, shall remain under seal for at least
     60 days, and shall not be served on the defendant until the court so orders.  The

28   Government may elect to intervene and proceed with the action within 60 days
     after it receives both the complaint and the material evidence and information."

courts must determine whether good cause for the delay has been shown on a case

by case basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citation

omitted); *see also Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)

(citation omitted).  "The burden of establishing good cause is on the plaintiff."

*Galvan v. Saul*, 2019 WL 8888090, at *1 (C.D. Cal. Dec. 9, 2019) (citing *Efaw v.

Williams*, 473 F.3d 1038, 1050 (9th Cir. 2019)).  However, "district courts have

broad discretion under General Rule 4(m) to extend time for service even without

a showing of good cause."  *United States v. 2,164 Watches, More or Less Bearing

a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004); *see

also Lemoge*, 587 F.3d at 1198.

### III.    DISCUSSION

**A.    Federal Rule of Civil Procedure 41(b)**

**1.    Violation of Court Order**

Defendants argue Plaintiff's claims should be dismissed with prejudice and

a judgment should be entered against Plaintiff because Plaintiff violated the

Court's July 20, 2023 Order.  However, in the July 20, 2023 Order, the Court

unsealed the Complaint and ordered the Relator to "serve both [the United States'

Notice of Election declining to intervene and Stipulation re unsealing of the case]

upon the defendants with the Complaint." (Dkt. No. 24.)  The Court's July 20,

2023 Order did not set a deadline for Plaintiff to serve the Complaint.  Moreover,

Plaintiff's counsel declares that on February 1, 2024, Plaintiffs asked Defendants

if they would accept service via notice and acknowledgement (Marquez Decl. ¶ 7),

and Defendants agreed to accept service on February 2, 2024 (*id.* at ¶ 8).

Therefore, the Complaint was served on Defendants as ordered by the Court.

Accordingly, there is no clear violation of the Court's July 20, 2023 Order.

---

31 U.S.C. § 3730(b)(3) further provides "[t]he Government may, for good cause
shown, move the court for extensions of the time during which the complaint
remains under seal."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.    Failure to Prosecute

Defendants also move to dismiss this action pursuant to Rule 41(b) based on Plaintiff's failure to prosecute his claims for more than six months after the Court's July 20, 2023 Order unsealing and ordering service of the Complaint. The five factors the Court considers for a motion to dismiss for failure to prosecute under Rule 41(b) are discussed below.

#### a.    Interest in Expeditious Resolution of Litigation

The first factor the Court considers is "the public's interest in expeditious resolution of litigation." *Pagtalunan*, 291 F.3d at 642. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Here, Plaintiff's counsel declares his office served the Summons and Complaint on Defendants "via notice and acknowledgment" on February 9, 2024, and his office "re-served the Summons and Complaint on Defendant Eaton Corporation via notice and acknowledgment" on February 13, 2024. (Marquez Decl. ¶¶ 8, 9.) Regardless of whether service occurred on February 9 or February 13, 2024, Plaintiff did not serve Defendants until more than six months after the Court's July 20, 2023 Order to serve the Complaint on Defendants. Accordingly, the interest in expeditious resolution of litigation factor weighs in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642.

#### b.    Court's Need to Manage Its Docket

The second factor the Court considers is "the court's need to manage its docket." *Pagtalunan*, 291 F.3d at 642. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management." *Id.*; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Plaintiff's failure to serve the Summons and Complaint for more than six months after the Court's July 20, 2023 Order to serve Defendants "indicates a lack of diligence in prosecuting the case without delay." *Archuleta v. Bianco*, 2023 WL 8885123, at *1 (C.D. Cal. Feb. 27, 2023). Accordingly, the Court's need to manage its docket

1    factor weighs in favor of dismissal.  *See Pagtalunan*, 291 F.3d at 642.

2                        **c.    Risk of Prejudice to Defendants**

3            The third factor the Court considers is "the risk of prejudice to

4    defendants/respondents."  *Pagtalunan*, 291 F.3d at 642.  "Delay in serving a

5    complaint is a particularly serious failure to prosecute because it affects all the

6    defendant's preparations."  *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.

7    1976) (citation omitted).  Therefore, "[u]nreasonable delay is the foundation upon

8    which a court may presume prejudice."  *Sw. Marine Inc. v. Danzig*, 217 F.3d

9    1128, 1138 (9th Cir. 2000); *see also In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir.

10   1994) (citing *Anderson*, 542 F.2d at 524).  "However, this presumption of

11   prejudice is a rebuttable one and if there is a showing that no actual prejudice

12   occurred, that factor should be considered when determining whether the trial

13   court exercised sound discretion."  *In re Eisen*, 31 F.3d at 1452–53 (quoting

14   *Anderson*, 542 F.2d at 524).  Therefore "where a plaintiff has come forth with an

15   excuse for his delay that is anything but frivolous, the burden of production shifts

16   to the defendant to show at least some actual prejudice.  If he does so, the plaintiff

17   must then persuade the court that such claims of prejudice are either illusory or

18   relatively insignificant when compared to the force of his excuse.  At that point,

19   the court must exercise its discretion by weighing the relevant factors—time,

20   excuse, and prejudice."  *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662

21   F.2d 1275, 1281 (9th Cir. 1980); *see also In re Eisen*, 31 F.3d at 1453; *Yourish*,

22   191 F.3d at 991 (9th Cir. 1999).

23           Here, the Court finds Plaintiff's six-month delay in complying with the

24   Court's July 20, 2023 Order to serve the Complaint on Defendants was

25   unreasonable.  *See Gutierrez v. City of Colton*, 2008 WL 11410020, at *1 (C.D.

26   Cal. June 9, 2008).  The Court further finds prejudice to Defendants is presumed

27   based on Plaintiff's unreasonable delay in serving Defendants because Plaintiff's

28

1   proffered reason for the delay in service based on a "clerical oversight"[3] is

2   frivolous.  *See Nealey*, 662 F.2d at 1280; *In re Eisen*, 31 F.3d 1447, 1452-53; *Lien*

3   *v. City of San Diego*, 2023 WL 2394548, at *3 (S.D. Cal. Mar. 6, 2023).

4   Accordingly, the risk of prejudice to Defendants factor weighs in favor of

5   dismissal.  However, this factor alone based on "clerical oversight" would not

6   warrant dismissal under Rule 41(b).  *See, e.g., Hubbard v. Best In Town Inc.*, 2023

7   WL 8269979, at *1–2 (11th Cir. Nov. 30, 2023); *Crossman v. Raytheon Long*

8   *Term Disability Plan*, 316 F.3d 36, 39 (1st Cir. 2002).

9                    **d.      Less Drastic Alternatives**

10          The fourth factor the Court considers is "the availability of less drastic

11   alternatives." *Pagtalunan*, 291 F.3d at 642.  "The district court abuses its

12   discretion if it imposes a sanction of dismissal without first considering the impact

13   of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal*

14   *Serv.*, 833 F.2d 128, 132 (9th Cir. 1987) (internal quotation marks and citation

15   omitted).  Here, less drastic alternatives exist such as a warning, formal reprimand,

16   fine, or imposition of costs or attorneys' fees.  *See Malone*, 833 F.2d at 132 n.1.

17   Accordingly, the availability of less drastic alternatives factor weighs against

18   dismissal here.  *See Gibbs v. Hedgpeth*, 389 F. App'x. 671, 673–74 (9th Cir.

19   2010); *Carmichael v. Cnty. of San Diego*, 2020 WL 1890574, at *1 (S.D. Cal.

20   Apr. 16, 2020).

21                    **e.      Public Policy Favoring Disposition on the Merits**

22          The fifth and final factor the Court considers is "the public policy favoring

23   disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642.  While the

24   public policy "favoring disposition of cases on their merits strongly counsels

25   against dismissal," "this factor 'lends little support' to a party whose responsibility

26

27   ─────────────
     [3] Plaintiff's counsel declares that on July 21, 2023 (the day after the Complaint
     was unsealed), he directed his staff to serve the Complaint on Defendants but the
28   Complaint was not served due to a "clerical oversight."  (Marquez Decl. ¶ 4.)

                                         7

1    it is to move a case toward disposition on the merits but whose conduct impedes

2    progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,

3    460 F.3d 1217, 1228 (9th Cir. 2006); *see also Moore v. Jaime*, 2022 WL 326642,

4    at *4 (C.D. Cal. Feb. 3, 2022); *Vyas v. Vyas*, 2017 WL 3600383, at *6 (C.D. Cal.

5    Aug. 18, 2017).  Here, Plaintiff delayed this action by failing to serve Defendants

6    for more than three months after the Rule 4(m) deadline for service of the

7    Complaint and more than six months after the Court's July 20, 2023 Order to

8    serve Defendants.  Therefore, the public policy favoring disposition on the merits

9    factor neither weighs in favor of or against dismissal. *See In re*

10   *Phenylpropanolamine*, 460 F.3d at 1234.

11                            *        *        *

12        In summary, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is

13   not warranted here because only three factors favor dismissal (i.e., the public's

14   interest in expeditious litigation, the Court's need to manage its docket, and risk of

15   prejudice to Defendants), and none of those three factors "strongly" favor

16   dismissal. *See Yourish*, 191 F.3d at 990.  Therefore, the Court denies Defendants'

17   Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b).

18   **B.    Federal Rule of Civil Procedure 4(m)**

19        Defendants also move to dismiss this action under Federal Rule of Civil

20   Procedure 4(m).  As discussed above, Plaintiff's counsel declares the failure to

21   timely serve Defendants resulted from a "clerical oversight." (Marquez Decl. ¶ 4.)

22   Clerical oversight and calendaring errors do not meet Rule 4(m)'s good cause

23   standard. *See Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985);[4] *Moran v.*

24   *City of Los Angeles*, 2014 WL 1419555, at *3 (C.D. Cal. Apr. 14, 2014);

25   *Dietzmann v. Baca*, 2009 WL 2898811, at *2 (C.D. Cal. Sept. 4, 2009) (internal

26

27   _____

[4] At the time *Wei* was decided, Rule 4(j) governed timeliness of service.  In 1993,
the subsection governing timeliness of service was renumbered from Federal Rule
28   of Civil Procedure 4(j) to 4(m).

1    quotation marks and citations omitted).

2    However, "[c]ourts have discretion under Rule 4(m), absent a showing of

3    good cause, to extend the time for service or to dismiss the action without

4    prejudice." *In re Sheehan*, 253 F.3d at 513.  In considering exercising its

5    discretion under Rule 4(m), courts consider factors such as "a statute of limitations

6    bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service."

7    *Efaw*, 473 F.3d at 1041; *see also 2,164 Watches*, 366 F.3d at 769; *Lemoge*, 587

8    F.3d at 1198.  Because Plaintiff contends the statute of limitations has run on his

9    claims, Defendants have actual notice of this action, and Defendants have been

10   served with the Summons and Complaint, the Court exercises its discretion to

11   extend the time for service to the date upon which Defendants were served with

12   the Summons and Complaint on February 14, 2024.  *See Efaw*, 473 F.3d at 1041;

13   *Lemoge*, 587 F.3d at 1198.  Therefore, the Court denies Defendants' Motion to

14   Dismiss pursuant to Federal Rule of Civil Procedure 4(m).

## IV.  CONCLUSION

16   Accordingly, the Court **DENIES** Defendants' Motion to Dismiss for Failure

17   to Prosecute and Entry of Judgment.  However, the instant Order shall serve as a

18   warning to Plaintiff that further unreasonable delay in prosecuting this action or

19   failure to comply with Court orders may result in dismissal of the action pursuant

20   to Federal Rule of Civil Procedure 41(b).

22   **IT IS SO ORDERED.**

24   DATED:  April 17, 2024.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE